Dear Mr. Lewis:
You have requested an opinion of the Attorney General regarding a possible violation of LSA-R.S. 38:2211, et seq. (the Public Bid Laws), by purchasing agents of the Parish of St. Charles. Attached to your request is a schedule of payments reflecting purchase order, invoice, and check numbers, and check amounts totaling $163,976, representing payments to Steve DiBeneditto and Sons, Inc., for the period May 1, 1990 through September 25, 1991. These payments were for the purchase of catch basins which are large concrete box-like structures installed throughout the parish drainage system to facilitate the drainage of surface runoff. You state that the parish did not go out for bids for these purchases.
You ask whether the purchase of these catch basins by the parish should have been publicly bid.
LSA-R.S. 38:2212(A)(1)(a) provides that all purchases of any materials and supplies exceeding the sum of $10,000 to be paid out of public funds by a public entity must be advertised and let to the lowest responsible bidder. Section 2211(A)(10) defines "public entity" to include any political subdivision of the state, including but not limited to those defined in ArticleVI, Section 44 of the Constitution of Louisiana.
Article VI, Section 44(2) defines "political subdivision" to include a parish. Thus, St. Charles Parish clearly falls within the ambit of the Public Bid Laws. Accordingly, the purchase of catch basins, which fall within the scope of "materials and supplies," at a cost of $163,976 over a sixteen month period was required by state law to be awarded pursuant to public bids.
The fact that these purchases were effected via multiple purchase orders throughout the period in question does not exempt the parish council from the bid requirements. This office has consistently opined that public bidding is not to be avoided by means of a public entity dividing, or breaking down, known needed materials for a given fiscal year, into separate purchases each below the amount specified in LSA-R.S. 38:2212(A) which triggers the public bid requirement. See Attorney General Opinion Nos. 88-218 and 81-741.
We trust this answers your inquiry. Please let us know if we can be of any further assistance.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0010R